DAVIS, Judge.
Richard McCune challenges his conviction for aggravated battery. He argues that the trial court erred by admitting certain evidence. We find no error in the trial court’s admission of the contents of letters and telephone calls from McCune to the victim, his wife, following the incident. We write, however, to address the issue of certain hearsay statements that were admitted into evidence.
McCune was charged with the aggravated battery of his wife. At jury trial, several witnesses testified as to the incident, but only the victim gave a first-hand account of a fight. The emergency medical technician (EMT) who responded to the incident testified as a defense witness that she was dispatched to help an individual who had fallen in the roadway. Upon arriving, she found Mrs. McCune, whom she knew. Mrs. McCune advised the EMT that she had fallen in the parking lot. McCune also presented other evidence that after the incident, the victim indicated that she had fallen. Based on this evidence and the fact that McCune did not testify, the credibility of the victim became critical.
The contested hearsay testimony came from a neighbor of the McCunes who appeared as a defense witness. While the bulk of her testimony consisted of her observations of McCune talking to his wife and helping her across the street, at the outset of her testimony, she stated:
The grand kids [sic] woke me up tossing around on the floor. And when I walked out of the bedroom door and asked them what was going on, they told me that Rickey and Kelly were having a fight.
On cross-examination, over McCune’s objection, the trial court allowed the following question by the State and answer by the witness:
Q: Ms. Jenks, isn’t it a fact, ma'am, that what Charley Gray told you was Richard is beating up Kelly? Rickey is beating up Kelly, isn’t that what she told you when she alerted you?
A: Yes, sir.
Although McCune objected that this was inadmissible hearsay testimony, the trial court overruled the objection and admitted the testimony under the doctrine of completeness.[1] The trial court denied *866 McCune’s subsequent motion for a mistrial.
The witness’ statement quoting her grandchild was hearsay. See § 90.801, Fla. Stat. (2000). However, whether the trial court’s ruling on the doctrine of completeness was correct is a question we need not consider, for even if it was error to admit the statement, we find it to be harmless error. See State v. DiGuilio, 491 So.2d 1129 (Fla.1986). This was a defense witness, and McCune’s attorney already had elicited a hearsay statement from her that McCune and his wife were fighting. The defense theory of this case was that the victim was injured when she fell. Since McCune’s witness previously contradicted this defense with a hearsay statement, the second hearsay statement elicited by the State was harmless. If McCune’s defense was one of self-defense that admitted an altercation, the second statement may have been prejudicial. However, in this case, even if it was error to admit the statement, the error was harmless.
Affirmed.
BLUE, C.J., and KELLY, J., Concur.

. Under the doctrine of completeness when a party introduces part of a state *866 ment, confession, or admission, the opposing party is ordinarily entitled to bring out the remainder of the statement. This rule is not absolute and 'the correct standard is whether, in the interest of fairness, the remaining portions of the statements should have been contemporaneously provided to the jury.’
Ramirez v. State, 739 So.2d 568, 580 (Fla.1999) (internal citations omitted) (quoting Larzelere v. State, 676 So.2d 394, 402 (Fla.1996)).